IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TANBEER SINGH BRAR, | § | |
| | § | |
| *Plaintiff,* | § | SA-26-CV-00033-OLG |
| | § | |
| vs. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

Before the Court is the above-styled cause of action, which was referred to the undersigned for an order on Plaintiff's motion to proceed *in forma pauperis* ("IFP") and a review of the pleadings pursuant to 28 U.S.C. § 1915(e). For the reasons that follow, the undersigned will recommend this case be dismissed for failure to follow a court order.

## I.  Background

On March 3, 2026, the undersigned granted Plaintiff's IFP motion but ordered Plaintiff to file a more definite statement of the claims he seeks to present in this case to assist the Court in its review of Plaintiff's proposed Complaint under Section 1915(e). In the Court's Order it noted that Plaintiff's proposed Complaint [#8] consists of a single page asserting that he is bringing claims pursuant to 42 U.S.C. § 1983 and the Eleventh Amendment. The proposed pleading does not include any factual allegations regarding the nature of Plaintiff's claims. Plaintiff subsequently filed a 78-page "Request for Emergency Order" with numerous attachments totaling over 1,000 pages. Based on this filing, Plaintiff appears to be complaining about various

1

state-court proceedings involving a custody determination and the termination of his parental rights. Plaintiff's filings reference several cases from Kern County, California. The publicly available information about these cases establishes that there are several family-law cases pending in Kern County that might involve Plaintiff and the underlying basis of this suit. *See Brar v. Brar*, BFL 18-001853 (regarding dissolution of marriage); *Brar v. Dhaliwal*, BFL 20-003414 (regarding domestic violence without minor children); *Brar v. Dhaliwal*, BFL-19-004449 (petition for custody); *Dhaliwal v. Brar*, BFL 20-003296 (regarding domestic violence without minor children). This Court noted in its previous order that it might not have jurisdiction to address Plaintiff's claims.

The Court therefore ordered Plaintiff to file a "short and plain" statement of his claims **not to exceed ten pages**. In this More Definite Statement, Plaintiff was ordered to respond to the following questions:

- Please explain what alleged wrong you are complaining of through this suit. Who harmed you? When did they harm you (providing approximate months and years)? How did they harm you?

- You name only one Defendant in this case—the United States of America. Please explain how you believe the United States or one of its officers in an official capacity caused you harm?

- Your filings reference several cases in Kern County, California. Please list all other cases in which you have been or are currently a party. Are you complaining about the outcome of these cases or some act taken by a judge in these cases?

- What relief are you asking the Court to provide you through this case?

Instead of filing the ordered short and plain statement of his claims, Plaintiff filed eight motions and advisories [#10, #11, #12, #13, #14, #15, # 16, #17] totaling over 700 pages. These filings concern seemingly disparate issues spanning from complaints against various technology

2

companies, concerns about homelessness, issues related to his profession, incidents involving law enforcement, and reference numerous cases from California.

At the end of the Court's previous order it warned that if Plaintiff fails to comply with the Order to file a short and plain statement of his claims, the Court could dismiss this case for failure to prosecute or for failure to follow a court order. *See* Fed. R. Civ. P. 41(b). By filing over 700 pages of motions and exhibits Plaintiff has not followed the Court's order that he provide the Court with a short and plain statement of his claims not to exceed 10 pages. Nor has Plaintiff responded to the Court's specific questions regarding the nature of the claims he is attempting to raise in this suit. At this point, Plaintiff has not identified a viable claim over which this Court has jurisdiction.

## II.  Recommendation

In light of the foregoing, the undersigned **RECOMMENDS** that this case be dismissed for failure to follow a court order.

## III.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections are limited to no more than 20 pages unless leave of court is granted. The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which

objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 30th day of March, 2026.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

4